# VAN KLEECK COMPANY v. M. B. HOWELL HOMES

## Case No. 84-202-SP

County Court, Bay County

April 6, 1984

### APPEARANCES OF COUNSEL

**Jeffrey P. Whitton** for plaintiff.

No appearance for defendant.

### OPINION OF THE COURT

WILLIAM A. COOPER, JR., County Judge.

THIS CAUSE came on before the court for final hearing. The court notes that defendant has been duly served with process, has failed to answer as required by law and a default has been duly and properly entered. Plaintiff also seeks attorney's fees, presumably under Section 57.105, Florida Statutes, alleging in its complaint that defendant is

unable to raise a justiciable issue of law or fact. It cites to the court as justification the case of *Castaway Lounge of Bay County, Inc. v. Reid*, 411 So.2d 282 (Fla. 1st DCA 1982). However, the court finds that the rule set forth in that case does not justify an award of attorney's fees pursuant to the cited section in a case where the defendant has simply defaulted without any other activity which could be characterizd as the type that this statute was designed to inhibit. In *Castaway Lounge*, the defaulting defendant had ultimately responded to an order to show cause because he failed to obey an order enjoining his continued use of a business name. The appellate court noted that, although in that particular case it agreed that an assessment under Section 57.105 was warranted, ". . . (n)ot every plaintiff who obtains a default judgment should recover attorney's fees."

Finding no evidence reflected in the court record that the defendant in this case has engaged in any conduct that might be characterized as "stonewalling" or "foot-dragging," the court concludes that this is not an appropriate case for such an assessment. Accordingly it is

ORDERED AND ADJUDGED that plaintiff, Van Kleeck Company, do have and recover from the defendant, M. B. Howell Homes, the sum of $870.01 on the account sued on, together with $34.00 costs herein taxed, for all of which let execution issue.